UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**PREP TOURS, INC.,**

    **PLAINTIFF.**

    v.

**AMERICAN YOUTH SOCCER ORGANIZATION (AYSO); et als.,**

    **DEFENDANTS.**

CIVIL NO. 15-1162 (PAD)

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Before the court is American Youth Soccer Organization's "Motion to Dismiss the Amended Complaint (Docket No. 32) for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2), or Alternatively, to Dismiss for Improper or Inconvenient Venue Pursuant to Fed. R. Civ. P. 12(b)(3)" (Docket No. 35). The plaintiff, PREP Tours, Inc. opposed (Docket No. 36) and defendants replied (Docket No. 39). For the reasons explained below, defendants' motion is GRANTED.

    **I.**    **BACKGROUND**

Plaintiff, PREP Tours, Inc. is a corporation based in Puerto Rico dedicated to organizing and servicing educational soccer tours for student athletes and soccer clubs focusing on friendly soccer games in Puerto Rico (Docket No. 21 at ¶ 5). It specializes in student cultural immersion educational field trips and soccer activities for all age groups. Id. On December 28, 2015, it filed an Amended Complaint against the American Youth Soccer Association, a non-profit organization based in California; Downey AYSO Region 24; and several members of AYSO's or Downey

Case 3:15-cv-01162-PAD   Document 40   Filed 07/08/16   Page 2 of 6

Prep Tours, Inc. v. AYSO, et al.
Civil No. 15-1162 (PAD)
Opinion and Order
Page 2

AYSO's board of directors, including Armando Rodriguez; Ramón Aguilar; Carl Jackson; and Alicia Ramirez. Id. at ¶¶ 6-8.[1] The complaint pursued breach of contract, negligence and bad faith claims, seeking damages under Article 1802 of the Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31 § 5141, for loss of opportunity, profit and reputation. Id. at ¶¶ 2-28.[2] The defendants moved to dismiss for lack of personal jurisdiction (Docket No. 35).

At issue is whether defendants have the requisite minimum contacts with Puerto Rico to allow the court to exercise jurisdiction over them. Defendants argue that they are not subject to the court's jurisdiction because "they lack sufficient minimum contacts with Puerto Rico, and as such maintenance of the instant suit offends traditional notions of fair play and substantial justice." Id. at p. 3. They add that they have no presence nor "relationship or contacts or business of any kind" in Puerto Rico. Id. at p. 5. Plaintiff counters defendants "had the sufficient contacts in Puerto Rico and as such they benefited from the laws of the local forum," when they sought business with plaintiff for its services in Puerto Rico, and actively participated in negotiations (Docket No. 36 at pp. 4 and 10).

## II.   STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(2), a defendant may request dismissal of an action asserted against him for lack of personal jurisdiction. When a district court considers a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, "it is plaintiff's burden to demonstrate the existence of every fact required to satisfy both the forum's

---

[1] Several unnamed defendants and insurance companies were included in the amended complaint. The pleadings also carry a direct action against unnamed insurers in conformity with Section 2003 of the Puerto Rico Insurance Code, P.R. Laws Ann. tit. 26 § 2003. (Docket No. 32 at ¶¶ 9-10).

[2] Even though the amended complaint alleges that defendants breached the agreement with PREP Tours (Docket No. 39 at ¶ 22), it is clear that plaintiff is seeking extra-contractual damages. It claims defendants acted in bad faith in their *pre*-contractual negotiations.

Case 3:15-cv-01162-PAD   Document 40   Filed 07/08/16   Page 3 of 6

Prep Tours, Inc. v. AYSO, et al.
Civil No. 15-1162 (PAD)
Opinion and Order
Page 3

long arm statute and the Due Process Clause of the Constitution." U.S. v. Swiss American Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001)(citing United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 987 F.2d 39, 44 (1st Cir. 1993)). The court will determine if it can assert specific jurisdiction over a defendant by conducting a two-prong analysis: (1) whether the forum has a long-arm statute that authorizes jurisdiction over the defendant; and (2) "whether the defendant has the requisite minimum contacts with the forum such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'." Rivera-Olivera v. Antares Oil Services, LLC, 957 F.Supp.2d 119, 124 (D.P.R. 2013)(citing Int'l. Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)).

Because Puerto Rico's long-arm statute "provides personal jurisdiction to the full extent of constitutional authority," the analysis proceeds under the due process or minimum contacts provisions. Id. at 124. However, "the two modes of analysis merge into one because the reach of Puerto Rico's long-arm statute is coextensive with the reach of the Due Process Clause." Carreras v. PMG Collins, LLC., 660 F.3d 549, 552 (1st Cir. 2011). In this circuit, the constitutional test for determining specific jurisdiction has three distinct components: (1) relatedness, (2) purposeful availment, and (3) reasonableness. Estate of Rosario v. Falken Tire Corp., 109 F.Supp.3d 485, 495 (D.P.R. 2015). The court must find that each of these factors is present to support a finding of specific personal jurisdiction. Swiss Am. Bank, Ltd., 274 F.3d at 625. Against this backdrop, the court evaluates each prong in turn.

### III.   DISCUSSION

A. Relatedness

To satisfy this factor, plaintiffs must demonstrate a nexus between their claims and the defendants' forum-based activities, such that the litigation itself is founded directly on those

activities. Adelson v. Hananel, 652 F.3d 75, 81 (1st Cir. 2011). It must "ask whether the defendant's contacts with the forum were instrumental either in the formation of the contract or in its breach." Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 289 (1st Cir. 1999). Forum-state contacts "do not have to include actual physical presence in order for them to be constitutionally significant." Rivera v. Atlass Ins. Group of Florida, Inc., 678 F.Supp.2d 23, 31 (D.P.R. 2010). "[I]t is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).

Here, PREP Tours' claims stem from its communications with defendants. Although AYSO has no physical presence in Puerto Rico (Docket No. 16 at p. 5), various AYSO Region 24 representatives exchanged e-mails with plaintiffs as part of the bidding process for a cultural-exchange trip to Puerto Rico (Docket No. 32 at p. 4-6). Plaintiff argues that the defendants acted negligently and breached their duty to act in good faith during these alleged pre-contractual negotiations (Docket No. 32 at p. 2). In consequence, the relatedness prong is adequately met.

B. Purposeful Availment

The second factor relates to whether the defendant's contacts with Puerto Rico "constitute purposeful availment of the benefits and protections afforded by Puerto Rico's laws." Estate of Rosario, 109 F.Supp.3d at 495. This part of the analysis focuses on "the defendants' intentionality," specifically whether "the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefits he receives, to be subject to the court's jurisdiction based on these contacts." Swiss Am. Bank, Ltd., 274 F.3d at 623-24. This requirement ensures that the defendant will not be drawn into a jurisdiction solely as a

Case 3:15-cv-01162-PAD   Document 40   Filed 07/08/16   Page 5 of 6

Prep Tours, Inc. v. AYSO, et al.
Civil No. 15-1162 (PAD)
Opinion and Order
Page 5

result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person. Burger King Corp., 471 U.S. at 475. In cases involving an alleged contract, such as this one, the Supreme Court has adopted a "'highly realistic approach' to assessing personal jurisdiction over contract claims." Foss Mfg. Co., LLC v. S. Group Automotive, LLC, 2009 WL 839514 at *4 (D.N.H. 2009)(citing Burger King Corp., 471 U.S. at 479). The factors that must be evaluated include "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" to determine whether the defendant purposefully established minimum contacts within the forum." Id.

The communications between defendants and PREP Tours are, on their own, insufficient to establish that defendants purposely availed themselves of Puerto Rico law's protections and privileges. Plaintiff argues that a contract existed between the parties after AYSO accepted their proposal on January 25, 2015 (Docket No. 32 at p. 7).[3] Defendants counter that they never had contracts or business dealings with the plaintiff (id. at p. 5 and Docket No. 39 at p. 5). Even if the court agreed with plaintiff's argument that PREP Tours and AYSO had formed a contract, "it has been repeatedly observed that merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction." Inamar Inv., Inc. v. Lodge Properties, Inc., 737 F.Supp. 12, 14 (D.P.R. 1990). Moreover, the parties' course of dealings and contemplated future consequences suggest that AYSO did not intend to voluntarily direct its activities toward the forum so that it should expect to be subject to the court's jurisdiction based on these contacts. AYSO repeatedly communicated to plaintiff that officials had not made a final decision in regards

---

[3] Plaintiff relies on an email from AYSO Region 24 Treasurer Carl Jackson to Marcia Winnegar, an agent for a third-party entity handling airline reservations, as proof of the formation of the contract. See, Docket No. 36, Exh. 19. An exchange between a third party, Hakuna Matata Group Tours, and AYSO does not demonstrate that a contract was created between AYSO and PREP Tours.

to the trip, and that they were gathering information from several agencies. See, Docket No. 36, Exh. 5-6, 9-10. Albeit plaintiff demonstrated significant voluntariness in its e-mail exchange with defendants, "contacts must be deliberate, 'and not based on the unilateral actions of another party'" for the defendant to have minimum contacts with the forum. Phillips v. Praire Eye Center, 530 F.3d 22, 28 (1st Cir. 2008)(citing Danynard v. Ness, Motley Loadholt, Richardson & Poole, P.A., 290 F.3d at 61 (1st Cir. 2002)).

    C. Reasonableness

Because the plaintiff has failed to satisfy the second prong of the jurisdictional test, its argument for specific jurisdiction must fail. Swiss American Bank, Ltd., 274 F.3d at 625. It follows that the court need not evaluate the remaining factor. See, United Elec., Radio & Mach. Workers, 960 F.2d at 1091 (1st Cir. 1992) (holding that "[a]bsent proof of the necessary minimum contacts, [the court] need not address the question of reasonableness"). As personal jurisdiction is lacking, the court will refrain from evaluating defendants' request for dismissal on grounds of inconvenient venue under Fed. R. Civ. P. 12(b)(3).

## IV.   CONCLUSION

In view of the foregoing, defendants' motion is GRANTED and the case is DISMISSED WITHOUT PREJUDICE for want of personal jurisdiction. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of July, 2016.

                                                 s/Pedro A. Delgado-Hernández
                                                 PEDRO A. DELGADO-HERNÁNDEZ
                                                 United States District Judge